HAMKA v AUTOMOBILE CLUB OF MICHIGAN

Docket No. 78-1315. Submitted January 4, 1979, at Detroit.—Decided March 23, 1979.

Farid N. Hamka was operating his automobile and was stopped at an intersection when a pedestrian opened the door and struck Hamka in the nose. The pedestrian was subsequently found guilty of an assault. Hamka brought an action against his automobile insurer, Automobile Club of Michigan, to recover benefits for the injury suffered in the assault. The Wayne Circuit Court, Thomas J. Foley, J., granted summary judgment in favor of the defendant. Plaintiff appeals. *Held:*

Summary judgment was proper. The assault did not arise out of the ownership, operation, maintenance or use of the automobile as those terms are used in the insurance policy.

Affirmed.

AUTOMOBILES — INSURANCE — ASSAULT — OWNERSHIP, OPERATION, MAINTENANCE, USE.

An assault by a pedestrian against the driver of an automobile, in which the pedestrian approached the stopped automobile, opened the door and struck the driver, does not arise out of the ownership, operation, maintenance or use of the automobile as those terms are used in an automobile insurance policy.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael A. Gagleard),* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Eric A. Andrzejak),* for defendant.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

PER CURIAM. Plaintiff sued to recover benefits

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 41, 42.

for an assault under a family automobile insurance policy. On March 10, 1978, defendant's motion for summary judgment was granted by Wayne County Circuit Court Judge Thomas J. Foley. Plaintiff appeals by right.

The parties stipulated that on April 4, 1976, the plaintiff, Farid N. Hamka, was the owner and operator of a 1976 Pontiac Tempest which was stopped at the intersection of Canterbury and Tuxedo in the City of Dearborn. While he was sitting in his car at the above-stated location, one Abdul Berry walked up to the car, opened the driver's door and struck the plaintiff in the nose with his fist. Thereafter, Mr. Berry left the scene and police officers from the Dearborn Police Department arrived and prepared an "incident report". The plaintiff filed a formal complaint with the Dearborn Police Department and Mr. Berry was subsequently found guilty on an assault charge. At the time of his deposition, the plaintiff was asked if he knew why Mr. Berry assaulted him. He replied that two days prior to the assault, Mr. Berry had asked to use his car and the plaintiff had refused because Mr. Berry was intoxicated.

The trial judge properly granted defendant's motion for summary judgment. The assault did not arise out of the ownership, operation, maintenance or use of plaintiff's car as those terms are used in the insurance policy. See *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975).

Affirmed.