### O'KEY v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 78-507. Submitted February 15, 1979, at Detroit.—Decided April 16, 1979. Leave to appeal denied, 406 Mich 1014.

Plaintiff, Leonard B. O'Key, was injured while sitting in his car with the motor running when someone opened the passenger door, pointed a gun at plaintiff and said something like "let's go home". Plaintiff put the car in reverse and accelerated. The gunman fired shots into the car injuring plaintiff. As a result plaintiff incurred hospital expenses and loss of wages. Defendant, State Farm Mutual Automobile Insurance Company, plaintiff's no-fault insurer, refused plaintiff's claim. Plaintiff sued and the Wayne Circuit Court, Victor J. Baum, J., granted defendant's motion for summary judgment, ruling that the injury did not arise out of the ownership, operation or use of the vehicle. Plaintiff appeals. *Held:*

The injury arose out of an "accident" but the accident did not arise out of the ownership, maintenance or use of the vehicle since there must be a causal connection between the injury and the ownership, maintenance or use of the vehicle more than merely incidental, fortuitous or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance or ownership of the vehicle.

Affirmed.

1. AUTOMOBILES — NO-FAULT INSURANCE — ACCIDENTS.

An accident, for purposes of collecting personal protection insurance benefits under the no-fault act, is an event which under the circumstances is unusual and not expected to the person to whom it happened; being shot by an unknown, armed assailant results in injuries arising out of an accident and the fact that the gunman acted intentionally in inflicting the injury is irrelevant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 83.
[2] 7 Am Jur 2d, Automobile Insurance §§ 82, 84.
Liability insurance: assault as an "accident," or injuries from it as "accidental," within coverage clause. 33 ALR2d 1027.

2. AUTOMOBILES — INSURANCE — "OWNERSHIP, MAINTENANCE, USE".

There must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile to sustain a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance or use of an automobile; the causal connection must be more than incidental, fortuitous or "but for", and the injury must be foreseeably identifiable with the normal use, maintenance or ownership of the vehicle; assault by an armed assailant upon the driver of a vehicle is not the type of conduct "reasonably identifiable" with the use of the vehicle.

*Levine & Benjamin, P.C.* (by *Linda K. Harris*), for plaintiff.

*Draugelis, Ashton & Scully,* for defendant.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

CYNAR, P.J. Plaintiff appeals as of right from a summary judgment of no cause of action in an action to recover no-fault insurance benefits from defendant.

The facts were stipulated to by the parties hereto to serve as a basis for plaintiff's and defendant's motions for summary judgment. The plaintiff was sitting in his car in front of his brother's home, waiting for his brother. The car engine was running and the gearshift lever was in park. He suddenly saw an individual open the passenger door, point a gun in his direction, and mumble something like "let's go home". At this point he put the car in reverse and accelerated. The assailant fired two or three shots into the car and continued firing outside of the car as he was thrown away from the vehicle by its backward movement. One of the bullets struck the plaintiff in the hip, requiring hospitalization.

As a result of the gunshot wound, plaintiff incurred hospital expenses and loss of wages. He filed a claim with defendant, his no-fault insurer, for the sum of $5,774.50, but defendant refused to pay. After plaintiff commenced this action, defendant's motion for summary judgment was granted on the ground that the injury did not arise out of the ownership, operation, maintenance or use of a motor vehicle.

Plaintiff initially contends that the absence of an express policy exception to personal protection insurance coverage under the facts at bar requires a finding that coverage was provided by the policy.

We disagree. An insurer is under no duty to specify every conceivable fact situation where coverage will not be provided. Rather, it is free to indicate, in clear and understandable language, a general class of risks which are covered by the policy.

A reading of the policy indicates that it was intended to cover injuries "caused by accident and arising out of the ownership, operation and maintenance or use, including loading or unloading, of a motor vehicle as a motor vehicle". This language is virtually identical to that of MCL 500.3105(1); MSA 24.13105(1),[1] which sets forth the extent of required coverage in a policy providing personal protection insurance. The scope of coverage is clearly and unambiguously set forth in the policy. Therefore, it should be interpreted according to the plain meaning of the words used. *Garrison v Farm Bureau Mutual Ins Co,* 84 Mich App 734,

---

[1] That section reads:

"(1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1); MSA 24.13105(1).

736; 270 NW2d 678 (1978). *Sturgis National Bank v Maryland Casualty Co,* 252 Mich 426, 429; 233 NW 367 (1930).

Plaintiff next contends that under the terms of the coverage provided by the policy, he was entitled to recover personal protection benefits. In order to prevail on this argument, plaintiff must establish (1) that the injury arose from an accident and (2) that the injury arose out of the ownership, operation, maintenance, or use of the motor vehicle.

We agree with plaintiff's contention that the injury in this case arose out of an "accident". In *State Farm Mutual Automobile Ins Co v Coon,* 46 Mich App 503, 506; 208 NW2d 532 (1973), a panel of this Court examined prior Michigan case law and concluded that an accident is "an event which under the circumstances is unusual *and not expected to the person to whom it happened".* (Emphasis in 46 Mich App.)

Applying this definition to the facts at bar conclusively establishes that plaintiff's injury arose out of an accident. The appearance of an unknown, armed assailant is without a doubt "unusual" and cannot be said to have been "expected". Since the question of whether an injury arose out of an accident is to be determined from the point of view of the injured person, *Coon, supra,* pp 505-506, it is irrelevant that the gunman acted intentionally in inflicting the injury.

It is thus necessary to determine whether plaintiff's injury arose out of the "ownership, operation, maintenance, or use of an automobile". This phrase was discussed in great detail in *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), where several passengers riding in the insured's automobile committed an assault

on a pedestrian, leading to his death. In determining that the insurer of the driver of the automobile had no duty to defend in an action against the insured the Court stated the following test:

"[W]hile the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuituous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Kangas, supra,* p 17.

Applying this test to the case at bar leads us to conclude that the injuries sustained by plaintiff did not arise out of the ownership, operation, maintenance or use of the automobile. Although plaintiff was an occupant of an automobile at the time he sustained the injury, this is not a controlling consideration in resolving this issue. The automobile was not the instrumentality of the injury. Rather, its role in this matter was incidental. Plaintiff's occupancy of the car was a fortuity, in no way connected with the assault.[2] Nor is an assault by an armed assailant upon the driver of a car the type of conduct that is "reasonably identifiable" with the use of a car. Since the injury in this case did not arise out of the ownership, operation, maintenance or use of the car, the trial judge properly granted defendant's motion for summary judgment in this case.

Affirmed. No costs, interpretation of a statute involved.

---

[2] We find unconvincing plaintiff's attempt to link the car to the injury by contending that the assailant intended to steal the car or to force plaintiff to drive him somewhere. It is equally likely, under the facts of this case, that the gunman planned merely to rob plaintiff.