MANN v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 55381. Submitted October 7, 1981, at Detroit.—Decided
    December 1, 1981. Leave to appeal applied for.

Herbert Mann brought an action against Detroit Automobile
    Inter-Insurance Exchange for recovery of personal protection
    insurance benefits for accidental bodily injury pursuant to the
    provisions of a no-fault policy of insurance. The defendant
    moved for summary judgment on the ground that except for
    the amount of damages there was no genuine issue as to any
    material fact, which motion was granted, Wayne Circuit Court,
    Patrick J. Duggan, J. The plaintiff appeals. *Held:*

    The plaintiff sustained injuries while driving a motor vehicle
    as a result of an object being dropped on the vehicle from an
    expressway overpass. There was a direct causal relationship
    between the use of the vehicle and the injuries. Thus, the
    plaintiff is entitled to compensation. The trial court erred in
    granting the defendant's motion.

    Reversed.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES.

    An individual is entitled to personal protection insurance benefits
    under the no-fault act for accidental bodily injury arising out of
    the ownership, operation, maintenance, or use of a motor
    vehicle as a motor vehicle, but the causal connection between
    the injury sustained and the vehicle must be more than inci-
    dental or fortuitous and must be foreseeably identifiable with
    normal ownership, maintenance, or use of the vehicle; it is not
    sufficient that the vehicle is merely the site of the accident
    (MCL 500.3105[1]; MSA 24.13105[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 340-368.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance §§ 191, 192.
    Liability insurance: assault as an "accident," or injuries from it as
        "accidental," within coverage clause. 33 ALR2d 1027.

2. Insurance — No-Fault Insurance — Automobiles.

   Generally, an assault on a person in an automobile is not a compensable injury under the no-fault act; however, the dropping of an object upon a motor vehicle from an expressway overpass is an assault directed at the vehicle itself, providing the direct causal relationship between the use of the vehicle and the assault necessary to permit recovery of no-fault benefits for injuries sustained as a result of the assault.

*Citron & Citron* (by *Ernest L. Citron* and *Charles Reisman*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *William V. Taylor, II*), for defendant.

Before: Danhof, C.J., and D. F. Walsh and D. C. Riley, JJ.

Per Curiam. Plaintiff appeals the summary judgment entered in favor of defendant.

According to deposition testimony, an unidentified individual threw a stone at plaintiff's vehicle from an overpass as plaintiff was driving along a Detroit expressway in December, 1978. The object apparently hit the automobile's hood and windshield. Plaintiff allegedly turned his neck sharply in a reflex action and sustained neck and shoulder injuries. Plaintiff filed a suit to collect no-fault benefits for lost wages and medical bills.

Defendant moved for summary judgment under GCR 1963, 117.2(3). Defendant claimed that the injury did not arise out of the operation or use of a motor vehicle as required by the no-fault statute. The trial court granted defendant's motion and denied plaintiff's motion for rehearing. We reverse.

Under the no-fault act, an individual is entitled to personal protection insurance benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle

as a motor vehicle. MCL 500.3105(1); MSA 24.13105(1). The causal connection between the injury sustained and the ownership, maintenance, or use of the automobile must be more than incidental, fortuitous, or "but for". The injury must be foreseeably identifiable with the normal ownership, maintenance, or use of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975). It is not sufficient that the motor vehicle is merely the site of the accident. *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 314; 282 NW2d 301 (1979).

Ordinarily, an assault on a person in an automobile is not a compensable injury under the no-fault act. This is because ordinarily the fact that the injured person is in a car has no connection with the assault itself. The individual's presence in the automobile is merely fortuitous or incidental. See, *e.g., Detroit Automobile Inter-Ins Exchange v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980), *Hamka v Automobile ·Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), and *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979).

This case, however, presents a different factual situation. In today's society, unfortunately, there are unbalanced individuals who take perverse enjoyment out of dropping rocks and other objects on automobiles as they pass under overpasses on expressways. In recognition of this hazard, traffic engineers often design overpasses with protective fencing. This type of assault is directed at the automobile itself, not the driver. It happens only *because* the automobile is passing under the overpass at the appointed time. There is a direct causal relationship between the driving of the vehicle and the assault. In this case, if the plaintiff

had not been driving his automobile, he would not have been assaulted. Injuries sustained as a result of the assault, therefore, arise out of the operation and use of the motor vehicle as a motor vehicle.

Summary judgment should not have been granted.

Reversed, costs to appellant.