SHAW v ALLSTATE INSURANCE COMPANY

Docket No. 75735. Submitted October 3, 1984, at Grand Rapids.—
Decided March 5, 1985. Leave to appeal applied for.

Plaintiff, C. Marie Shaw, was operating a motor vehicle insured
by defendant, Allstate Insurance Company, in Dade County,
Florida. Her husband was a passenger at the time. While
operating this vehicle, she and her husband were followed
home by robbers who accosted her and her husband after she
parked the vehicle in their driveway. Plaintiff's husband was
then shot by the robbers while he was still sitting in the
automobile. He died from the injuries he received in this
shooting. Plaintiff brought an action in the Muskegon Circuit
Court against defendant and later tried to amend her com-
plaint to state that highway robbery is prevalent in Dade
County. The court, Ronald H. Pannucci, J., denied plaintiff's
motion to amend and granted summary judgment for defen-
dant. Plaintiff appealed. *Held:*

A person who seeks no-fault insurance benefits from his
insurer must establish a causal connection between the use of a
motor vehicle and the injury which is more than incidental and
fortuitous and which is foreseeably identifiable with the normal
use of the vehicle. An assault by an armed assailant upon a
passenger in a vehicle is not the type of conduct which is so
foreseeably identifiable.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — ASSAULTS.

A person who seeks no-fault insurance benefits from his insurer
must establish a causal connection between the use of a motor
vehicle and the injury which is more than incidental and
fortuitous and which is foreseeably identifiable with the normal
use of the vehicle; an assault by an armed assailant upon a

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 202, 354.

Automobile liability insurance: what are accidents or injuries "aris-
ing out of ownership, maintenance, or use" of insured vehicle. 15
ALR4th 10.

Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

passenger in a vehicle is not the type of conduct which is so foreseeably identifiable (MCL 500.3105; MSA 24.13105).

*Parmenter, Forsythe, Rude, Van Epps, Briggs & Favri* (by *James R. Seastrom),* for plaintiff.

*Baxter & Hammond* (by *Phillip J. Nelson);* and *Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James R. Piggush),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and Mac-Kenzie and R. R. Lamb,* JJ.

Per Curiam. Plaintiff appeals as of right from the trial court's order granting defendant insurance company's motion for summary judgment pursuant to GCR 1963, 117.2(1) (failure to state a claim upon which relief can be granted).

The facts well pled in plaintiff's complaint, and taken as true for purposes of this appeal,[1] show that on January 24, 1982, plaintiff was operating a motor vehicle insured by defendant in Dade County, Florida. Her husband was a passenger at the time. While operating this vehicle, she and her husband were followed home by robbers who accosted her and her husband after she parked the vehicle in their driveway. Plaintiff's husband was then shot by the robbers while he was still sitting in the automobile. He died from the injuries he received in this shooting.

Plaintiff later tried to amend her complaint to state that highway robbery is prevalent in Dade County. For purposes of this appeal, we conclude that these facts are also true because of the nature of the trial court's ruling. In other words, the trial court held that, despite this proposed amendment,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Partrich v Muscat,* 84 Mich App 724, 727-730; 270 NW2d 506 (1978).

it would still grant defendant's motion for summary judgment.

Based upon the above facts, we affirm the trial court's judgment.

MCL 500.3105(1); MSA 24.13105(1) provides:

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

This provision has been interpreted as meaning that there must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and this causal connection must be more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975).

Other decisions by this Court have held that a person assaulted while sitting in a motor vehicle is not entitled to no-fault benefits as herein sought. See, *e.g., Ciaramitaro v State Farm Ins Co,* 107 Mich App 68, 69-70; 308 NW2d 661 (1981), *lv den* 413 Mich 861 (1982) (plaintiff's decedent was killed by an armed assailant while conducting his normal door-to-door produce business from his truck);[2]

---

[2] We recognize that there is now a conflict on this Court regarding whether an injury from an assault, made upon a commercially insured vehicle, can be compensated under the no-fault act. Contrast *Ciaramitaro, supra,* with *Thornton v Allstate Ins Co,* 135 Mich App 160, 166; 351 NW2d 910 (1984) (plaintiff, a taxicab driver, was paralyzed from the neck down when wounded during an armed robbery by a passenger of his taxicab). However, we need not address this question because plaintiff's automobile was not a commercially insured vehicle. We cite *Ciaramitaro* in the main text only as support for the general proposition that persons assaulted in their automobiles cannot recover no-fault benefits absent special circumstances.

*Detroit Automobile Inter-Ins Exchange v Higgin-
botham,* 95 Mich App 213, 221-222; 290 NW2d 414
(1980), *lv den* 409 Mich 919 (1980) (plaintiff forced
to the curb by her estranged husband, trapped in
her car, and then shot by her husband several
times by a revolver); *Hamka v Automobile Club of
Michigan,* 89 Mich App 644, 645; 280 NW2d 512
(1979) (plaintiff struck in the nose by a pedestri-
an's fist while plaintiff was sitting in his car at an
intersection); *O'Key v State Farm Mutual Automo-
bile Ins Co,* 89 Mich App 526, 530; 280 NW2d 583
(1979), *lv den* 406 Mich 1014 (1979) (plaintiff shot
in the hip while trying to evade an assailant
entering the passenger side of his car). At this
time, we are not prepared to depart from the
reasoning expressed in those opinions.

Plaintiff's reliance upon *Saunders v Detroit Au-
tomobile Inter-Ins Exchange,* 123 Mich App 570,
572; 332 NW2d 613 (1983), and *Man v Detroit
Automobile Inter-Ins Exchange,* 111 Mich App 637,
639-640; 314 NW2d 719 (1981), *lv den* 414 Mich
903 (1982), is misplaced. In each of those cases, the
injuries were sustained while the automobile was
actually moving on the highway. To this extent,
the causal connection between the injuries sus-
tained in the automobile was more than incidental
or fortuitous. In this case, on the other hand,
plaintiff's decedent's fatal injuries occurred while
he was sitting in the subject automobile, which
was parked in plaintiff's driveway. Accordingly, we
are not faced with a highway robbery situation as
argued on appeal.

Likewise, plaintiff's reliance upon *Gajewski v
Auto-Owners Ins Co,* 414 Mich 968; 326 NW2d 825
(1982), *rev'g* 112 Mich App 59; 314 NW2d 799
(1981), is also misplaced. There, plaintiff was in-
jured when a bomb attached to his automobile
exploded as he turned the ignition key to start the

car. In reversing this Court's majority, the Supreme Court adopted Judge CYNAR'S dissenting opinion at 112 Mich App 62-63. The injuries in *Gajewski* would not have occurred absent use of a motor vehicle as a motor vehicle; *viz.,* turning the ignition key is identified with the normal manner of starting a vehicle. Thus, there was a direct causal connection between the use of the motor vehicle and Gajewski's injuries. In this case, on the other hand, the injuries could have resulted whether plaintiff was sitting in the vehicle or not. The fact that plaintiff and her decedent were followed home does not change this result.

Accordingly, the trial court's granting of defendant's motion for summary judgment under GCR 1963, 117.2(1) is affirmed.

Affirmed. No costs, a question of statutory interpretation being involved.