MARZONIE v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 123383. Submitted May 15, 1991, at Lansing. Decided
January 7, 1992; approved for publication March 25, 1992, at
9:05 A.M. Leave to appeal sought.

Michael W. Marzonie, II, brought an action in the Genesee
Circuit Court against Auto Club Insurance Association, his no-
fault insurer, seeking no-fault benefits for injuries he sustained
while driving his automobile when he was hit by a shotgun
blast fired by a gunman who merely intended to disable the
automobile. The court, Donald R. Freeman, J., entered judg-
ment on the jury's verdict and award in favor of Marzonie.
Auto Club appealed, claiming that Marzonie is not entitled to
no-fault benefits because his injuries did not arise out of the
operation or use of his automobile as a motor vehicle.

The Court of Appeals *held:*

The fact that a person is inside an automobile at the time
that person is assaulted does not make injuries received as a
result of the assault compensable under the no-fault act, MCL
500.3105(1); MSA 24.13105(1). However, where, as in this case,
the assault is directed at the automobile itself rather than its
driver, the assault creates a sufficient causal relationship be-
tween the injury and the injured person's use of the automobile
to allow recovery of no-fault benefits.

Affirmed.

MacKenzie, J., dissenting, stated that the intent of the
assailant is irrelevant when deciding whether the requisite
causation exists under § 3105(1) to justify no-fault coverage.
Because Marzonie was injured as a result of his dispute with
the gunman and his automobile merely served as the situs
where he was shot, and not the cause of his injuries, he is not
entitled to recover no-fault benefits.

Insurance — No-Fault — Personal Protection Insurance —
Assault.

Injuries received in an assault of a person who happens to be in

References

Am Jur 2d, Automobile Insurance §§ 351, 354.

Injury or death caused by assault as within coverage of no-fault
motor vehicle insurance. 44 ALR4th 1010.

an automobile when the assault occurs are not compensable under the no-fault act; however, where an assault is directed at the automobile itself rather than its driver, the assault creates a sufficient causal relationship between the injury and the injured person's use of the automobile to allow recovery of no-fault benefits (MCL 500.3105[1]; MSA 24.13105[1]).

*Edwin W. Jakeway, P.C.* (by *Edwin W. Jakeway* and *Michael J. Kelly*), for the plaintiff.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Edward B. Davison*) (*Garan Lucow, Miller, Seward, Cooper & Becker, P.C.,* by *James G. Gross,* of Counsel), for the defendant.

Before: MARILYN KELLY, P.J., and MACKENZIE and GRIBBS, JJ.

PER CURIAM. The defendant insurer appeals as of right from a jury award of $42,875.42 for plaintiff representing first-party no-fault benefits. The sole issue on appeal is whether plaintiff's injuries fall within the statutory definition of those for which a no-fault insurer is liable. We find they do.

The facts of this case are that plaintiff became involved in a dispute as he drove home from a party. He and his passenger, Jeffrey Dingo, pursued another vehicle in a high speed chase while Dingo threw several beer bottles at it. The chase ended when the driver of the other vehicle, Vernon Oaks, reached his home.

Oaks ran into the house, brought out a 20-gauge pump shotgun, walked into the street and approached plaintiff's car which began "creeping" toward Oaks. Oaks testified that he aimed between the headlights of the car and fired in an attempt to disable the car. Although Oaks intended to strike the radiator, the shot struck plaintiff in-

stead. In a separate criminal proceeding, Oaks pled guilty to careless discharge of a firearm.

Plaintiff sued defendant, his automobile insurer, when defendant refused to pay him no-fault benefits. Defendant's liability in this case hinges on the meaning of the language at MCL 500.3105(1); MSA 24.13105(1):

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury *arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle* . . . . [Emphasis added.]

Defendant argues that plaintiff did not sustain an injury arising out of the operation of a motor vehicle as a motor vehicle regardless of the intent of Vernon Oaks.

The same issue was addressed by this Court in *Jones v Allstate Ins Co,* 161 Mich App 450, 454-456; 411 NW2d 457 (1987). There, we stated:

> In *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986), the Supreme Court noted:
> "In drafting MCL 500.3105(1); MSA 24.13105(1), the Legislature limited no-fault PIP benefits to injuries arising out of the 'use of a motor vehicle as a *motor vehicle.*' In our view, this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' The involvement of the car in the injury should be 'directly related to its character as a motor vehicle.' *Miller v Auto-Owners [Ins Co], supra* [411 Mich 633; 309 NW2d 544 (1981)]. Therefore, the first consideration under MCL 500.3105(1); MSA 24.13105(1), must be the relationship between the injury and the vehicular use of a motor vehicle.

Without a relation that is more than 'but for,' incidental, or fortuitous, there can be no recovery of PIP benefits."

An assault by an armed assailant upon the *driver* of a car is generally not the type of conduct that is reasonably identifiable with the use of an automobile, *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979), lv den 406 Mich 1014 (1979); *DAIIE v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980); *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979); *Ciaramitaro v State Farm Ins Co,* 107 Mich App 68; 308 NW2d 661 (1981), lv den 413 Mich 861 (1982); *Shaw v Allstate Ins Co,* 141 Mich App 331; 367 NW2d 388 (1985); *Thornton, supra,* 646. However, when an assault is directed at the vehicle itself, rather than the driver, the causal relationship is sufficient for liability, *Mann v DAIIE,* 111 Mich App 637; 314 NW2d 719 (1981), lv den 414 Mich 903 (1982); *Saunders v DAIIE,* 123 Mich App 570; 332 NW2d 613 (1983). In such a case, the automobile is not merely the situs of the injury, and there is a direct relation between the functional character of the motor vehicle and the injuries. See *Thornton, supra,* 660.

In *Jones,* the plaintiff was shot as he sat in a car. The trial court granted the insurer's motion for summary disposition. We reversed, because the plaintiff had presented evidence that the assault was directed, not at him, but at his automobile. Thus, there remained a material factual issue over the insurer's liability. *Jones,* 456.

Here, the jury expressly found that Oaks' assault was directed at plaintiff's automobile rather than at plaintiff. As in *Jones, supra,* the assault created a sufficient causal relationship between the injury and the injured party's use of the insured automobile to allow recovery of no-fault benefits. Also see *Mann, supra; Saunders, supra;*

*Kreighbaum v Auto Club Ins Ass'n,* 170 Mich App 583; 428 NW2d 718 (1988).

Defendant argues that this case should not turn on whether Oaks intended to shoot plaintiff or to shoot the car. It relies on a footnote in *Thornton,* which states, in pertinent part:

> We reject the focus that the Florida and Minnesota courts place upon the *intent of the assailant* as providing the requisite nexus between the injury and the use of the motor vehicle. See generally *Government Employees Ins Co v Novak,* [453 So 2d 1116, 1119 (Fla, 1984)] and *Meric v Mid-Century Ins,* [343 NW2d 688, 655 (Minn App, 1984)]. [*Thornton,* 660, n 10; emphasis added.]

However, the *Thornton* Court did not reject the distinction between attacks directed at a driver versus attacks directed at a vehicle. To the contrary, the Court cited with seeming approval two earlier cases that held an insurer liable for no-fault coverage based on this precise distinction. *Thornton,* 660, citing *Saunders, supra; Mann, supra.*

Rather, the Court's use of the expression "intent of the assailant" in the footnote referred to the underlying purpose of or motivation behind the assailant's acts. For example, in both opinions cited in the footnote, an assailant, motivated by the intent to steal a vehicle, shot the driver of the vehicle. Both the Florida and Minnesota courts held that, since the drivers' injuries stemmed from the assailants' intent to take the vehicles, the insurers were obligated to provide benefits. *Novak, supra; Meric, supra.*

What the *Thornton* Court rejected was the approach of permitting recovery so long as the assailant's underlying reason for committing the attack had some fortuitous connection to a motor vehicle.

Accordingly, in that case, the mere fact that a taxi driver was robbed in his taxi was insufficient to establish entitlement to no-fault benefits for injuries sustained during the robbery. The taxi was simply the situs of the injury. *Thornton,* 659-661.

The present case is distinguishable from cases such as *Thornton, Novak* and *Meric* in that the assault was directed at the vehicle plaintiff was driving, not at plaintiff. Here, the car was not merely the situs of the insured's injuries; plaintiff would not have been shot had he not been in the car. Rather, his injuries stemmed from the functional character of the motor vehicle. *Jones,* 455-456. Accordingly, plaintiff is entitled to no-fault benefits. *Id.*

Affirmed.


MACKENZIE, J. *(dissenting).* I respectfully dissent. In my view, the award of no-fault benefits to plaintiff was improper under the circumstances of this case.

The sole issue in this case is whether plaintiff's injuries "[arose] out of the use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1). In *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986), our Supreme Court stated:

> In drafting MCL 500.3105(1); MSA 24.13105(1), the Legislature limited no-fault PIP benefits to injuries arising out of the "use of a motor vehicle *as a motor vehicle.*" In our view, this language shows that the Legislature was aware of the causation dispute and chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for." The involvement of the car in the injury should be "directly related to its character as a motor vehi-

cle." *Miller v Auto-Owners* [*Ins Co,* 411 Mich 633;
309 NW2d 544 (1981)]. Therefore, the first consideration under MCL 500.3105(1); MSA 13105(1),
must be the relationship between the injury and
the vehicular use of a motor vehicle.[10] Without a
relation that is more than "but for," incidental, or
fortuitous, there can be no recovery of PIP benefits.

---

[10] We reject the focus that the Florida and Minnesota courts
place upon the intent of the assailant as providing the requisite
nexus between the injury and the use of the motor vehicle. See
generally *Government Employees Ins Co v Novak,* [453 So 2d
1116 (Fla, 1984)] and *Meric v Mid-Century Ins,* [343 NW2d 688
(Minn App, 1984)]. Under our no-fault legislation, intentionality
is relevant where specified by the statute. See, e.g., MCL
500.3105(4); MSA 24.13105(4). However, for purposes of determining whether the requisite causation exists under § 3105(1),
the proper focus is upon the relation between the injury and
the use of a motor vehicle as a motor vehicle. [Emphasis in the
original.]

---

The majority concludes that because Oaks intended to harm plaintiff's automobile rather than
plaintiff, his injuries arose out of the use of his
motor vehicle as a motor vehicle. See *Jones v
Allstate Ins Co,* 161 Mich App 450; 411 NW2d 457
(1987). In my opinion, in reaching this conclusion,
the majority has misconstrued the *Thornton* decision. I read *Thornton* as determining that the
intent of an assailant is irrelevant when deciding
whether the requisite causation exists under
§ 3105(1) to justify no-fault coverage.

In *Thornton,* the plaintiff was injured during an
armed robbery of the taxicab that he drove. The
Supreme Court concluded that Thornton was not
entitled to personal injury protection benefits because the taxi "was merely the situs of the armed
robbery—the injury could have occurred whether
or not Mr. Thornton used a motor vehicle as a
motor vehicle." 425 Mich 660.

This case presents a similar situation. As in
*Thornton,* the inherent nature or the functional

character of plaintiff's motor vehicle did not cause his injuries. Instead, plaintiff was injured as a result of his dispute with Oaks, and plaintiff's automobile merely served as the target of Oaks' gunfire and the situs where plaintiff was shot. See 425 Mich 660-661.

The relationship between the functional character of plaintiff's automobile and his injuries is too indirect to satisfy the statutory requirement that the injuries "aris[e] out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." Because a motor vehicle was not the cause of plaintiff's injuries, he was not entitled to recover no-fault benefits. Accordingly, I would reverse.