BOURNE v FARMERS INSURANCE EXCHANGE

Docket No. 144046. Submitted November 3, 1993, at Detroit. Decided January 19, 1994, at 9:20 A.M. Leave to appeal sought.

Harry G. Bourne brought an action in the Genesee Circuit Court against Farmers Insurance Exchange, his no-fault automobile insurer, seeking personal protection insurance benefits for injuries incurred when he was robbed of his car at gunpoint. The court, Thomas C. Yeotis, J., granted summary disposition for the defendant, but denied its request for costs and attorney fees. The plaintiff appealed, challenging the trial court's determination that his injuries are not covered under the personal protection insurance provisions of the no-fault act. The defendant cross appealed, challenging the denial of costs and attorney fees.

The Court of Appeals *held:*

1. The trial court erred in dismissing the plaintiff's claim. Under MCL 500.3105(1); MSA 24.13105(1), personal protection insurance benefits are payable for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle where, as in this case, the involvement of the vehicle in the injury is directly related to its character as a motor vehicle, being more than incidental, fortuitous, or "but for," and the injury is foreseeably identifiable with the use of a motor vehicle.

2. Because the plaintiff's claim had merit, the trial court did not err in denying the defendant's request for costs and attorney fees under MCR 2.625 and 2.114.

Affirmed in part, reversed in part, and remanded.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — ROBBERIES.

Injuries inflicted on an owner or user of a motor vehicle while being robbed of the vehicle are compensable under the personal protection insurance provisions of the no-fault act (MCL 500.3105[1]; MSA 24.13105[1]).

REFERENCES

Am Jur 2d, Automobile Insurance § 351.

See ALR Index under No-Fault Insurance.

UAW-GM Legal Services Plan (by *Orene Bryant*), for the plaintiff.

*Hayduk, Andrews & Hypnar, P.C.* (by *Elizabeth M. Malone*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ,* JJ.

PER CURIAM. Harry Bourne filed suit against Farmers Insurance Exchange, his no-fault automobile insurer, for failure to compensate him for physical injuries sustained when he was assaulted during the theft of his car. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) and denied defendant's motion for costs and attorney fees. We reverse the grant of summary disposition and affirm the denial of costs and attorney fees.

The facts of this case are not in dispute. On June 26, 1989, plaintiff was about to get into his parked car when he noticed two men seated in the rear of the car. The men forced plaintiff at gunpoint to drive to a location about a mile away. They then ordered him to get out of the car. As plaintiff was doing so, one of the men hit him in the face and threw him to the ground. Plaintiff sustained injuries for which he was later treated at a hospital. The men took plaintiff's car keys, his wallet, and his car.

Plaintiff filed a claim with defendant for compensation for both the theft of the car and his personal injuries. Defendant compensated plaintiff for the theft, but denied compensation for the injuries.

Plaintiff filed this lawsuit on May 30, 1990, arguing that his injuries were compensable under

* Circuit judge, sitting on the Court of Appeals by assignment.

the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). The court granted the motion, but denied defendant's motion for costs and attorney fees pursuant to MCR 2.625 and MCR 2.114. Plaintiff appeals from the grant of summary disposition, and defendant cross appeals from the denial of costs and attorney fees.

The issue on appeal is whether the physical injuries plaintiff sustained are compensable under MCL 500.3105(1); MSA 24.13105(1). That section provides that an insurer is liable to pay personal protection insurance benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." *Id.; Marzonie v Auto Club Ins Ass'n,* 441 Mich 522, 527; 495 NW2d 788 (1992). The involvement of a vehicle in the injury must be directly related to its character as a motor vehicle, and be more than incidental, fortuitous, or "but for." Therefore, the first consideration must be the relationship between the injury and the use of a motor vehicle as a motor vehicle. *Id.* at 529-530.

Both this Court and our Supreme Court have denied compensation under the no-fault act in cases of personal assault where the assault was not foreseeably identifiable with the use of a motor vehicle. See, e.g., *Marzonie, supra* (plaintiff shot during the course of an argument); *Thornton v Allstate Ins Co,* 425 Mich 643; 391 NW2d 320 (1986) (plaintiff taxi driver injured during armed robbery by passenger); *Mueller v Auto Club Ins Ass'n,* 203 Mich App 86; 512 NW2d 46 (1993) (plaintiff driver accidentally shot in the head by hunter aiming at deer); *Auto-Owners Ins Co v Rucker,* 188 Mich App 125; 469 NW2d 1 (1991) (decedent killed in drive-by shooting); *O'Key v*

*State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979) (plaintiff shot by unknown assailant while sitting in stationary car).

On the other hand, where the injury suffered is foreseeably identifiable with the use of an automobile, compensation has been allowed. See, e.g., *Gajewski v Auto-Owners Ins Co,* 414 Mich 968; 326 NW2d 825 (1982) (explosive device attached to ignition of motor vehicle); *Saunders v Detroit Automobile Inter-Ins Exchange,* 123 Mich App 570; 332 NW2d 613 (1983) (passenger in moving automobile injured by projectile that flew in through open window); *Mann v Detroit Automobile Inter-Ins Exchange,* 111 Mich App 637; 314 NW2d 719 (1981) (stone dropped on plaintiff's vehicle by unknown person from freeway overpass).

We believe that there is a direct causal relationship between the use of a motor vehicle as a motor vehicle and injuries sustained during a so-called carjacking. The physical assault only occurs because the assailants wish to take possession of the vehicle. Unfortunately, such incidents are nowadays within the ordinary risks of driving a motor vehicle. *Marzonie, supra* at 534. Therefore, defendant's motion for summary disposition was improperly granted.

With respect to defendant's issue on cross appeal, in light of our conclusion that the motion for summary disposition was improperly granted, it is clear that plaintiff's claim was not without merit. Accordingly, the trial court properly denied defendant's motion for costs and attorney fees.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.