**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Todd Wilson SHUMATE, Defendant.**

**No. Civ.A.2:98–1206.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 9, 1999.

---

746

Maria Marino Potter, McQueen, Harmon & Potter, L.C., Charleston, WV, for plaintiff.

Sprague W. Hazard, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross motions for summary judgment. The Court **GRANTS** the Plaintiff's motion and **DENIES** the Defendant's motion.

## I. FACTUAL BACKGROUND

On January 27, 1999 Defendant Todd Shumate was driving a 1990 Nissan truck in Morgantown, West Virginia. Shumate's vehicle was struck by a 1985 Pontiac Firebird driven by Leroy D. Overton. After the collision, an altercation ensued, and Overton physically assaulted Shumate. Shumate suffered injuries from the physi-

cal assault, but suffered no injuries as a result of the collision.

Shumate was insured under a policy issued by Plaintiff Nationwide Mutual Insurance Company ("Nationwide") to Shumate's father. The policy provided uninsured motorist bodily injury coverage of $500,000 and contained the following provision:

> We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury and/or property damage suffered by you or a relative. Damage must result from an accident arising out of the:
> 1. ownership;
> 2. maintenance; or
> 3. use;
> of the uninsured motor vehicle.

(Stipulations of Fact at 5, ¶ 17.) Overton's Firebird was not insured. A claim was submitted to Nationwide on Shumate's behalf for the injuries suffered on January 27, 1996. Nationwide then filed this action seeking a declaratory judgment that it did not contract to cover Shumate's injuries. Conversely, Shumate asserts that his injuries are causally connected to the use of an uninsured motor vehicle, and he thus is entitled to recover.

## II. DISCUSSION

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir.1995). The parties have stipulated to all material facts. Therefore, this case is ripe for summary disposition.

■ The parties agree that West Virginia law controls this issue. West Virginia

requires a causal connection between an insured's injuries and the insured vehicle. *See, e.g., Cleaver v. Big Arm Bar & Grill, Inc.*, 202 W.Va. 122, ——, 502 S.E.2d 438, 443 (1998) ("When ... the 'use' of a vehicle is a question for insurance purposes due to the separation of an individual from a vehicle at the time of an accident, the court must determine whether there is a causal connection between the motor vehicle and the injury."). Such a causal connection must be "more than incidental, fortuitous, or but for. The injury must be foreseeably identifiable with the normal use of the vehicle." *Baber v. Fortner*, 186 W.Va. 413, 417, 412 S.E.2d 814, 818 (1991) (quoting *Detroit Auto. Inter–Ins. Exch. v. Higginbotham*, 95 Mich.App. 213, 290 N.W.2d 414, 419 (1980)).

In this case, the policy provides coverage for damages suffered from an accident arising out of the ownership, maintenance, or use of an uninsured motor vehicle. Shumate's injuries were the result of an intentional physical assault by an angry uninsured motorist. These injuries were not "foreseeably identifiable with the normal use of a vehicle." *Baber*, 186 W.Va. at 417, 412 S.E.2d at 818; *see also Nationwide Mutual Ins. Co. v. Brown*, 779 F.2d 984, 988 (4th Cir.1985) ("Courts confronted with the general question of whether personal injuries resulting from physical assaults by insured vehicle passengers or operators 'arose out of' the ownership, maintenance, or use of the vehicle, have almost unanimously found no causal relation between the 'use' of the vehicle and such assault-caused injuries."); *Baber*, 186 W.Va. at 417, 412 S.E.2d at 814 (finding that an intentional shooting was not causally related to the use of the insured vehicle); *cf. Adkins v. Meador*, 201 W.Va. 148, 157, 494 S.E.2d 915, 924 (1997) (remanding to determine if construction worker's injuries were causally related to his use of the vehicle). The Court holds Shumate's injuries are not compensable under the policy.

## III. CONCLUSION

Because Shumate's injuries are not causally related to the use of an uninsured motor vehicle, Nationwide is entitled to judgment as a matter of law. Accordingly, the Court **GRANTS** the Plaintiff's motion for summary judgment and **DENIES** the Defendant's motion.

The Clerk is directed to send a copy of this Order to counsel of record.