RICCIUTI v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 47520. Submitted October 8, 1980, at Detroit.—Decided
November 20, 1980.

Robert E. Ricciuti brought an action against the Detroit Automo-
bile Inter-Insurance Exchange (DAIIE) for personal protection
insurance benefits under the no-fault act for injuries he re-
ceived when his motorcycle skidded on a wet license plate,
lying on an exit ramp, which had fallen from a motor vehicle
at least two days prior to the accident. Plaintiff did not main-
tain no-fault coverage on his motorcycle but did carry no-fault
insurance coverage through DAIIE on a van which he owned.
DAIIE moved for summary judgment, which motion was
granted, Wayne Circuit Court, Charles S. Farmer, J. He ap-
peals. *Held:*

Plaintiff did not show that his accident arose out of the
ownership, operation, maintenance, or use of a motor vehicle as
required for recovery of no-fault benefits. The court properly
granted defendant's motion.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — MOTORCYCLISTS — PERSONAL
   INJURY BENEFITS — STATUTES.

   A motorcyclist who suffers bodily injury as a result of an accident
   which arises out of the ownership, operation, maintenance, or
   use of a motor vehicle as a motor vehicle is entitled to no-fault
   benefits (MCL 500.3105; MSA 24.13105).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL
   INJURY BENEFITS — STANDARD FOR DETERMINATION.

   An automobile need not be the proximate cause of an injury

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 7 Am Jur 2d (Rev), Automobile Insurance § 351.
   What constitutes a "motor vehicle" covered under no fault insur-
   ance. 60 ALR3d 651.
[2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 354, 355.
[3] 7 Am Jur 2d (Rev), Automobile Insurance § 358.
[4] 7 Am Jur 2d (Rev), Automobile Insurance § 162.

foreseeably identifiable with the normal use, maintenance, and ownership of a motor vehicle, but there must be a causal connection between the injury sustained and such use, maintenance, and ownership for a court to determine that a victim of an accident is entitled to no-fault benefits.

3. INSURANCE — AUTOMOBILES — NO-FAULT BENEFITS — DENIAL OF BENEFITS.

A person who suffers mental distress due to his child's death in an automobile accident or a person who is assaulted in or near an automobile is not entitled to no-fault benefits.

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL INJURY BENEFITS — CAUSAL CONNECTION.

The fact that a license plate had once been attached to an automobile does not supply a sufficient causal connection between ownership, use, or maintenance of a motor vehicle and an injury caused by the skidding of a motorcycle on a wet license plate lying on a road to allow recovery of no-fault benefits by an injured party.

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL INJURY BENEFITS — BASIS FOR RECOVERY.

A mere showing that an accident is incidentally or fortuitously related to the ownership, use, or maintenance of a motor vehicle is insufficient to allow recovery of no-fault benefits for injuries resulting from the accident.

*Lopatin, Miller, Bindes, Freedman, Bluestone, Erlich & Rosen* (by *Linda M. Baxter*), for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon,* and *Gromek, Bendure & Thomas* (by *James G. Gross*), for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

MACKENZIE, J. Plaintiff, Robert E. Ricciuti, was injured when his motorcycle skidded on a wet license plate lying in the road on an exit ramp, causing plaintiff to crash into a guardrail. Plaintiff, who had no-fault insurance coverage through

Detroit Automobile Inter-Insurance Exchange (DAIIE) on a van he owned, brought this action under the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* for personal protection insurance benefits. From the trial court's order of July 11, 1979, granting summary judgment in favor of defendant under GCR 1963, 117.2(3), plaintiff appeals as of right.

Under Michigan law, a motorcyclist who suffers bodily injury as the result of an accident involving a motor vehicle is entitled to no-fault benefits. *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979).

For plaintiff to recover personal protection insurance benefits, however, the accident must have arisen "out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle". MCL 500.3105; MSA 24.13105. In *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975), the following test was set forth for determining whether an accident arises out of the ownership, operation, maintenance, or use of a motor vehicle:

"In summary, we conclude that while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous, or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle."

The test in *Kangas* has been applied by several panels of this Court to deny no-fault recovery to the victim of an assault which occurred in or near an automobile. *DAIIE v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980), *Hamka v Automo-*

*bile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979). Likewise, recovery has been denied to a plaintiff who was not personally involved in an automobile accident but who suffered mental distress due to her daughter's death in an automobile accident. *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762; 290 NW2d 76 (1980).

Plaintiff herein argues that his injuries arose out of the ownership, maintenance, or use of a motor vehicle because the accident would not have occurred had not the license plate fallen from an automobile being driven on the highway. Plaintiff does not allege that the accident occurred immediately after the license plate fell off the car but that it occurred at least two days after the car had lost its license plate. The fact that the license plate had once been attached to an automobile does not supply a sufficient causal connection between ownership, use, or maintenance of a motor vehicle and the injury under the *Kangas* analysis. Plaintiff has merely shown that his accident was incidentally or fortuitously related to the ownership, use, or maintenance of a motor vehicle.

Affirmed. Costs to defendant.