CIARAMITARO v STATE FARM INSURANCE COMPANY

Docket No. 52449. Submitted May 6, 1981, at Detroit.—Decided June 4, 1981. Leave to appeal applied for.

Mary Ciaramitaro brought an action against the State Farm Insurance Company to recover survivor's loss benefits arising out of her husband's death. Defendant moved for summary judgment on the grounds that the decedent's death did not arise out of the use of a motor vehicle, which motion was granted, Macomb Circuit Court, John G. Roskopp, J. Plaintiff appeals, alleging that the trial court erred in failing to distinguish between commercially and privately insured vehicles in granting defendant's motion. *Held:*

The trial court properly granted defendant's motion. Plaintiff's decedent was killed by an armed assailant, and such conduct cannot be said to be foreseeably identifiable with the normal use of a motor vehicle. The fact that the decedent's vehicle was commercially insured is inconsequential to the issue. The vehicle was not connected with the assault, it was not the instrumentality of the injury, and its role remained merely incidental.

Affirmed.

INSURANCE — AUTOMOBILES — NO-FAULT BENEFITS — STATUTES.

A person who seeks no-fault insurance benefits from his insurer must establish a causal connection between the use of a motor vehicle and the injury which is more than incidental and fortuitous and which is forseeably identifiable with the normal use of the vehicle; an assault by an armed assailant upon the driver of a vehicle is not the type of conduct which is so foreseeably identifiable, and the fact that a vehicle is commercially rather than privately insured is inconsequential to the issue (MCL 500.3105; MSA 24.13105).

REFERENCES FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d (Rev), Automobile Insurance §§ 129, 351.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Charfoos, Christensen, Gilbert & Archer, P.C.*
(by *John G. Konkel)*, for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,
P.C.,* for defendant.

Before: BASHARA, P.J., and N. J. KAUFMAN and
J. BANKS,* JJ.

PER CURIAM. Plaintiff sued to recover survivor's
loss benefits for her husband's death from his no-
fault insurance carrier. Defendant's motion for
summary judgment was granted pursuant to GCR
1963, 117.2(1), and plaintiff appeals.

On January 26, 1979, plaintiff's decedent was in
the process of conducting his normal door-to-door
produce business from his truck when he was
confronted by an unknown armed assailant who
robbed and killed him. Plaintiff's claim for benefits
from defendant was denied.

This case involves the question of whether the
death of plaintiff's decedent arose out of the own-
ership, operation, maintenance, or use of his vehi-
cle. The trial court found that the assault was
entirely unrelated to the decedent's use of his
vehicle.

A number of recent cases decided by this Court
have construed the phrase "arising out of the
* * * use of a motor vehicle" and have uniformly
required that the injured person establish a causal
connection between the use of the motor vehicle
and the injury. MCL 500.3105; MSA 24.13105.
Such causal connection must be more than inci-
dental or fortuitous. The injury must be foresee-
ably identifiable with the normal use of the vehi-
cle. Further, this Court has stated that an assault
by an armed assailant upon the driver of a car is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

not the type of conduct that is foreseeably identifiable with the *normal* use of a motor vehicle. *Detroit Automobile Inter-Ins Exchange v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980), *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979), *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979), *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42 (1975).

Plaintiff attempts to distinguish this case from the above cases on the basis that the above cases involved privately insured vehicles while the present case involves a commercially insured vehicle. Therefore, plaintiff argues, the relationship between plaintiff's decedent's death and the use of his commercially insured vehicle is clearly more than incidental or fortuitous; it was foreseeably identifiable with the use of his vehicle because the decedent collected money which increased the risk of being assaulted.

We find that the cases previously decided by this Court and the present case are not distinguishable. The fact that the decedent's vehicle was commercially insured is inconsequential to this issue, even though the decedent collected money which may have increased his chances of being assaulted while in his vehicle. An assault by an armed assailant upon the driver of a commercially insured vehicle, no matter what the nature of his business, is no more foreseeably identifiable with the *normal* use of the vehicle than an assault upon the driver of a privately insured vehicle. The vehicle itself was not connected with the assault; it was not the instrumentality of the injury, and its role remained merely incidental. The trial court

properly granted defendant's motion for summary judgment. *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

Affirmed.