PECK v AUTO-OWNERS INSURANCE COMPANY

Docket No. 56082. Submitted November 13, 1981, at Detroit.—Decided
January 6, 1982.

Joseph M. Peck was injured when the motorcycle he was riding
collided with a brick wall while he was fleeing from the police
and was being chased by the police in a police cruiser. Peck
filed suit in Wayne Circuit Court seeking to recover medical
expenses and wage losses sustained as a result of the accident
from Auto-Owners Insurance Company, Peck's no-fault automo-
bile insurer. Defendant moved for summary judgment, which
was granted, Henry J. Szymanski, J. Plaintiff appeals. *Held:*

1. A person injured while driving a motorcycle is unable to
recover personal protection insurance benefits under the no-
fault automobile insurance act unless he was injured in an
accident involving a motor vehicle as defined in the act.

2. Plaintiff's accident arose from his act of fleeing from the
police, not from the police use of a "vehicle". The involvement
of the police cruiser was merely fortuitous.

3. A motorcyclist injured in an accident that occurs while he
is fleeing from a police cruiser is not entitled to recover
personal protection insurance benefits under the no-fault auto-
mobile insurance act where there is no causal nexus estab-
lished that would link the injuries incurred in the accident to
the ownership, maintenance or use of a motor vehicle as
described in the act.

4. If defendant's motion for summary judgment was based on
an allegation that there was no genuine issue of material fact

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 7 Am Jur 2d, Automobile Insurance § 353.
    What constitutes a "motor vehicle" covered under no-fault insur-
    ance. 60 ALR3d 651.
[2, 3, 5] 7 Am Jur 2d, Automobile Insurance § 354.
    Validity and construction of "no fault" automobile insurance plans.
    42 ALR3d 229.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 929, 992.
[6] 73 Am Jur 2d, Summary Judgment § 16 *et seq.*
[7] 3 Am Jur 2d, Affidavits §§ 4, 22.
    73 Am Jur 2d, Summary Judgment §§ 18, 25.

in dispute, the motion was not properly filed because defendant did not attach proper affidavits to its motion. Remand to permit defendant to file a proper motion would serve no purpose in this case since plaintiff's claim fails to state a cause of action upon which relief can be granted. The trial court reached the correct result in granting summary judgment in favor of defendant.

Affirmed.

1. Insurance — No-Fault Insurance — Motorcycles.

Motorcycles are excluded from the definition of motor vehicles under the no-fault automobile insurance act (MCL 500.3101[2]; MSA 24.13101[2]).

2. Insurance — No-Fault Insurance — Motorcycles.

A person injured while driving a motorcycle is unable to recover personal protection insurance benefits under the no-fault automobile insurance act unless he was injured in an accident involving a motor vehicle as defined in the act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

3. Insurance — No-Fault Insurance — Injury — Ownership, Maintenance or Use of Automobile.

There must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile to create a claim under the terms of an automobile insurance policy which provides coverage for injuries arising out of the ownership, maintenance or use of an automobile; the causal connection must be more than incidental, fortuitous or "but for", and the injury must be foreseeably indentifiable with the normal use, maintenance and ownership of the vehicle.

4. Automobiles — Torts — Actions.

Injuries to persons or property arising from a motor vehicle collision do not give rise to tort liability unless the injury is caused by a wrongful act of commission or omission; absent a wrongful act, the collision is simply an accident for the consequences of which no one is liable in tort.

5. Insurance — No-Fault Insurance — Motorcycles.

A motorcyclist injured in an accident that occurs while he is fleeing from a police cruiser is not entitled to recover personal protection insurance benefits under the no-fault automobile insurance act where there has been no causal nexus established that would link the injuries incurred in the accident to a motor vehicle as defined in the act (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT — AFFIDAVITS — COURT RULES.

> Motions for summary judgment which allege that there is no genuine issue of material fact in dispute must be accompanied by affidavits that indicate what facts can be proved at trial (GCR 1963, 117.2[3], 117.3).

7. MOTIONS AND ORDERS — SUMMARY JUDGMENT — AFFIDAVITS — INFORMATION AND BELIEF — COURT RULES.

> An affidavit of an attorney based on information and belief is not adequate to support a motion for summary judgment (GCR 1963, 116.4, 117.2[3]).

*Alvin C. Sallen,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. (by James L. Borin),* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and MACKENZIE, JJ.

PER CURIAM. Plaintiff appeals as of right from an order entered January 30, 1981, granting defendant's motion for summary judgment.

We address an issue of apparent first impression in this Court: May a motorcyclist injured in an accident while fleeing from police recover personal protection benefits under his no-fault insurance policy when the only motor vehicle involved is a police cruiser? We do not believe that he may.

A brief recitation of the facts and procedure below is helpful. The parties agree that plaintiff was injured on July 7, 1979, when, while fleeing on his motorcycle from police, he smashed into the rear brick wall of a residence. He initiated suit on August 6, 1980, seeking to recover medical expenses and wage losses sustained as a result of the accident. Defendant was the no-fault insurer of plaintiff's automobile.

On November 20, 1980, defendant moved for summary judgment, appending the affidavit of

counsel and the deposition of a police investigator. Plaintiff answered defendant's motion and filed a motion of his own on November 25, 1980. Plaintiff filed no affidavits in opposition to defendant's motion nor in support of his own. He did not object at the trial level to the lack of valid supporting affidavits for defendant's motion. The lower court granted defendant's motion. Initially, we note that motorcycles are excluded from the definition of motor vehicles under the no-fault act. MCL 500.3101(2); MSA 24.13101(2). A person injured while driving a motorcycle is therefore unable to recover personal protection insurance benefits (PIP) under the no-fault act unless he was injured in an accident "involving" a motor vehicle as defined in the act. *Underhill v Safeco Ins Co*, 407 Mich 175, 186; 284 NW2d 463 (1979). In *Underhill*, the Supreme Court held that motorcyclists involved in collisions with automobiles were permitted to recover PIP benefits.

We must now determine whether a motorcyclist fleeing from police in a cruiser has sufficient "involvement" to allow recovery under the no-fault act. The act provides coverage for accidental bodily injury "arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle". In *Kangas v Aetna Casualty & Surety Co*, 64 Mich App 1, 17; 235 NW2d 42 (1975), *lv den* 395 Mich 787 (1975), the following test was set forth:

"[W]e conclude that while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous, or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle."

This test was applied and held to bar recovery when a motorcyclist skidded on a wet license plate that had fallen from an automobile and was injured when he crashed into a guardrail. *Ricciuti v Detroit Automobile Inter-Ins Exchange,* 101 Mich App 683, 686; 300 NW2d 681 (1980). The Court found that the fact that the license plate had once been attached to an automobile did not supply a sufficient causal nexus between the automobile and the injury.

The Supreme Court recently considered whether the no-fault act applied to abolish tort liability when a truck collided with a cow that was running loose in the highway, and the Court held that the act was inapplicable, as there was no wrongful act relating to the use of a motor vehicle. The Court reasoned:

"Injuries to persons or property arising from a motor vehicle collision do not give rise to tort liability unless the injury is caused by a wrongful act of commission or omission. Absent a wrongful act, the collision is simply an accident for the consequences of which no one is liable in tort. Tort liability thus arises, in the normal sense of those words, from some wrongful act of the liable party.

"In the instant case, the wrongful act asserted is Tuttle's improper keeping of his cow. Such a wrongful act does not relate to the ownership, maintenance or use of a motor vehicle. Tuttle's tort liability, if any, arose only from his alleged wrongful keeping of the cow, not from the ownership, maintenance or use of a motor vehicle." *Citizens Ins Co of America v Tuttle,* 411 Mich 536, 544-545; 309 NW2d 174 (1981).

While the question before this Court is not whether tort liability has been abolished, but is, rather, whether the injuries incurred are compensable under PIP benefits, we believe that the

Court's analysis of the cause of the accident is helpful in determining whether a sufficient causal nexus was established in this case.

The facts before us in this appeal from a grant of summary judgment are sparse. Plaintiff admits that he was fleeing from a police car but claims that he is unable to recall whether there was any actual collision between the police cruiser and his motorcycle. We hold that the accident arose not from the police use of a vehicle but from the plaintiff's act of fleeing from the police. The resultant accident would have been equally likely had the police been pursuing plaintiff on a motorcycle, in a helicopter, or on horseback. The involvement of the cruiser was merely fortuitous.

Applying the test of *Kangas,* we do not believe that the accident in this case was "foreseeably identifiable" with the normal use of a motor vehicle. We do not think that the Legislature intended the phrase "normal use" of a vehicle to cover the unusual circumstances of an individual fleeing from the police.

We distinguish this factual situation from one in which an injured driver swerves to avoid a collision with another vehicle. There the cause of the accident is the desire to avoid an imminent collision with another vehicle. The swerving is a foreseeable circumstance arising from the operation of a motor vehicle. Flight to avoid police, however, is not such a foreseeable possibility.

Accordingly, we hold that a motorcyclist injured in an accident that occurs while he is fleeing from a police cruiser is not entitled to recover PIP benefits where there has been no causal nexus established that would link the injuries incurred in the accident to a motor vehicle.

Plaintiff also argues that summary judgment

was improperly granted when defendant did not attach any proper affidavits to its motion for summary judgment. It is true that motions for summary judgment brought under GCR 1963, 117.2(3) and alleging that there is no genuine issue of material fact in dispute must be accompanied by affidavits that indicate what facts can be proved at trial. GCR 1963, 117.3. As the only affidavit appended by the defendant was its attorney's affidavit, submitted on information and belief, the affidavit was not adequate to support the motion. GCR 1963, 116.4, *Jones v Shek,* 48 Mich App 530; 210 NW2d 808 (1973).

Plaintiff did not object to the omission of valid affidavits at the trial level and defendant argues on appeal that plaintiff is therefore barred from raising the issue on appeal. Different members of this Court have disagreed about the effect of failing to object to the omission of affidavits.

Some have held that the issue of lack of a supporting affidavit will not be reached on appeal where the opposing party failed to object at the trial level to the omission of affidavits. *Hayes v Booth Newspapers, Inc,* 97 Mich App 758, 773; 295 NW2d 858 (1980), *Hudson v Maher,* 55 Mich App 90, 93; 222 NW2d 47 (1974). Other panels, however, have recognized a per se rule. *DeMare Brothers Construction Co, Inc v Teska,* 49 Mich App 642; 212 NW2d 602 (1973). At least three panels have held that lack of an affidavit is fatal to the motion even absent objection by the party opposing it at the trial level. *Kern v Pontiac Twp,* 93 Mich App 612, 624; 287 NW2d 603 (1979), *Armstrong v Ross Twp,* 82 Mich App 77, 81; 266 NW2d 674 (1978), *Creech v Consumers Power Co,* 59 Mich App 167, 170; 229 NW2d 358, 360 (1975).

Defendant's motion for summary judgment did

not state, however, whether the motion was being brought under GCR 1963, 117.2(1), as legally insufficient, or under 117.2(3), as factually insufficient, and the court's order granting the motion also failed to specify the subsection under which the motion was granted. Defendant's counsel indicated at oral argument on appeal that the motion was brought under 117.2(3) to test the factual adequacy of plaintiff's claim. Accordingly, we find that plaintiff is correct in asserting that the motion was not filed properly.

We observe, however, that remanding to permit the defendant to file a proper motion would serve no purpose in this case, as plaintiff's claim is also legally inadequate under the analysis set forth in the first portion of this opinion. As we find that plaintiff's complaint fails to state a cause of action under 117.2(1), we believe the trial court reached the correct result in granting summary judgment for the defendant.

Affirmed. No costs, a question of public interest being involved.