KOOLE v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 59039. Submitted June 29, 1982, at Grand Rapids.—Decided June 21, 1983. Leave to appeal applied for.

Donald K. Koole owned a pickup truck which had an attached camper. While driving the truck, Koole pulled into a rest area, went into the camper and went to sleep. When he awoke, he lit a match, causing gas escaping from the pilot light of the camper furnace to ignite and injure him. Koole brought an action in Kalamazoo Circuit Court against Michigan Mutual Insurance Company, insurer of the truck, seeking payment of personal protection benefits under the no-fault insurance policy and against the Kalamazoo Plumbers and Steamfitters Insurance Fund Local #337 for certain medical benefits. Plaintiff moved for summary judgment against the fund for medical benefits or in the alternative for summary judgment against Michigan Mutual for personal protection automobile no-fault benefits under the policy issued on the truck. John E. Fitzgerald, J., denied plaintiff's motion as to the fund but granted summary judgment in favor of plaintiff on his claim against Michigan Mutual for no-fault benefits. Michigan Mutual appealed. *Held:*

Since the injury occurred while plaintiff was occupying the truck and the use of the camper body was a normal and foreseeable use of the vehicle, there was a sufficient causal nexus between the injury and the use of the vehicle as a motor vehicle. Under those circumstances the injury occurred while the vehicle was being used as a motor vehicle within the parked vehicle provisions of the automobile no-fault insurance act.

Affirmed.

R. M. Maher, J., concurred in the result only.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 348 *et seq.*

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
   VEHICLES.
   Recovery of automobile no-fault insurance benefits as a result of
   injuries allegedly arising out of the ownership, operation and
   use of a parked vehicle requires that the claimant establish (1)
   that he falls within one of the statutory exceptions to the
   parked vehicle exclusion and (2) that the parked vehicle was
   being used as a motor vehicle at the time of the injury, that is
   that there is a causal connection between the injury sustained
   and the ownership, maintenance or use of the vehicle as a
   motor vehicle (MCL 500.3106[1][c]; MSA 24.13106[1][c]).

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
   VEHICLES.
   A person injured while occupying a camper body attached to a
   parked pickup truck as a result of an explosion caused by gas
   leaking from the camper's furnace is entitled to automobile no-
   fault insurance personal protection benefits, since the injury
   occurred while occupying a motor vehicle and there is a causal
   nexus between the injury and the use of the vehicle as a motor
   vehicle, the use of the camper body being a normal and
   foreseeable use of such vehicle as a motor vehicle (MCL
   500.3106[1][c]; MSA 24.13106[1][c]).

*Lilly & Domeny, P.C.* (by *Joseph A. Byrne, Jr.*),
for Michigan Mutual Insurance Company.

*Early, Starbuck & Lennon* (by *Harold E. Fisher,
Jr.*), for Kalamazoo Plumbers & Steamfitters Insur-
ance Fund, Local #337.

Before: M. J. KELLY, P.J., and R. M. MAHER and
R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. The issue in this case is
simply whether plaintiff is entitled to first party
no-fault benefits from his insurer, Michigan Mu-
tual. The trial court found that he was and
granted him summary judgment. Michigan Mutual
appeals as of right. We affirm.

The parties have stipulated to the facts. On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

October 25-26, 1979, plaintiff was driving his pickup truck. The truck had an attached camper. Plaintiff pulled into a rest area, went into the camper and went to sleep. When he awoke the next day, he lit a match. Gas escaping from the camper furnace pilot light ignited, injuring him.

To recover first party benefits a no-fault claimant must prove "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle". MCL 500.3105; MSA 24.13105. The injury "does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle" unless, *inter alia,* the "injury was sustained by a person while occupying * * * the vehicle". Formerly MCL 500.3106(c); MSA 24.13106(c), amended by 1981 PA 209, now MCL 500.3106(1)(c); MSA 24.13106(1)(c). The Supreme Court has noted that:

"The underlying policy of the parking exclusion is that * * * a parked car is not involved in an accident *as a motor vehicle.* It is therefore inappropriate to compensate injuries arising from its non-vehicular involvement in an accident within a system designed to compensate injuries involving motor vehicles as motor vehicles." *Miller v Auto-Owners Ins Co,* 411 Mich 633, 641; 309 NW2d 544 (1981) (emphasis in original).

The three statutory *exceptions* to the parked car exclusion pertain to "injuries related to the character of a parked vehicle as a motor vehicle— characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents". 411 Mich 640.

In this case, the stipulated statement of facts establishes that the injuries for which benefits are sought were sustained by the claimant while occupying a motor vehicle. The plaintiff therefore falls

within the third exception to the § 3106 parked car exclusion and is not barred from recovery by that provision.

This finding—that recovery is not precluded by § 3106—does not end our inquiry. For it is also necessary that the claimant establish that the injuries arose out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle". Section 3105. As Judge MAHER pointed out in *Shinabarger v Citizens Mutual Ins Co*, 90 Mich App 307, 315; 282 NW2d 301 (1979):

"[F]ulfillment of the requirements of § 3106 does not automatically result in liability. Even after the threshold of § 3106 is crossed, it must still be established that the injury arose out of the ownership, operation, maintenance or use of the motor vehicle."

The leading Michigan case addressing the nature of the causal relationship necessary between the use of a motor vehicle and injuries is *Kangas v Aetna Casualty & Surety Co*, 64 Mich App 1; 235 NW2d 42 (1975). In that case, coverage was sought for injuries to a pedestrian who was assaulted by occupants of the insured vehicle. The policy provided liability coverage for bodily injury sustained by any person "arising out of the ownership, maintenance or use of the owned automobile". In construing the scope of coverage afforded in light of the quoted language, this Court had occasion to canvas decisions from at least 18 other jurisdictions. At the end of that review, the *Kangas* panel noted:

"In summary, we conclude that while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the

automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Kangas, supra,* p 17.

A wealth of subsequent case law has utilized this language from *Kangas* in discussing the nature of the relationship between the vehicle and injury required by § 3105.

For example, benefits have been denied where the vehicle merely happened to be the site of an assault that could as well have occurred elsewhere. *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979); *Hamka v Automobile Club of Michigan,* 89 Mich App 644; 280 NW2d 512 (1979); *DAIIE v Higginbotham,* 95 Mich App 213; 290 NW2d 414 (1980); *Ciaramitaro v State Farm Ins Co,* 107 Mich App 68; 308 NW2d 661 (1981); *A & G Associates, Inc v Michigan Mutual Ins Co,* 110 Mich App 293; 312 NW2d 235 (1981). Compare *Mann v DAIIE,* 111 Mich App 637; 314 NW2d 719 (1981) (rock dropped or thrown off overpass onto plaintiff's vehicle injuring him as he was driving on Detroit expressway; benefits allowed). Likewise, benefits have been denied where the involvement of the vehicle is distinctly remote from the claimant's loss or injuries. *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762; 290 NW2d 76 (1980) (mother learned of daughter's fatal car accident and sought lost wages and psychiatric care costs); *Ricciuti v DAIIE,* 101 Mich App 683; 300 NW2d 681 (1980) (motorcycle skidded on wet license plate lying on expressway off-ramp). Similarly, coverage has been denied where the injuries were not foreseeably related to or identified with the normal use of a vehicle. *Block v Citizens Ins Co of Amer-*

*ica,* 111 Mich App 106; 314 NW2d 536 (1981); *King v Aetna Casualty & Surety Co,* 118 Mich App 648; 325 NW2d 528 (1982) (both cases involving claimants who slipped and fell on the ice while they were neither entering nor alighting from their motor vehicles).

We are of the view that the plaintiff's vehicle in this case provided more than merely the incidental situs of an injury that could as well have occurred elsewhere. The camper furnace, an attached motor vehicle accessory, was itself the instrumentality causing the injury. Moreover, the involvement of the vehicle cannot be viewed as "distinctly remote" from plaintiff's injury, regardless of whether "remoteness" is considered with reference to time, location or sequence of events. Finally, the injuries sustained by the plaintiff here are foreseeably identifiable with the normal use of this motor vehicle—a pickup truck with attached camper—as a motor vehicle. While it is true that the obvious and primary purpose of a motor vehicle is to provide transportation, we cannot say that other uses are not both normal and foreseeable. Specifically, we are persuaded that use of *this* vehicle for camping or sleeping constituted normal and foreseeable use as a motor vehicle and that such use properly encompassed operation of the gas-fueled heater or furnace. In short, the required causal nexus between the use of this motor vehicle as a motor vehicle and plaintiff's injuries has been established. The trial court properly granted summary judgment in plaintiff's favor in light of the agreed facts.

Affirmed, costs to appellee.

M. J. KELLY, P.J., concurred.

R. M. MAHER, J., concurred in result only.