SANFORD v INSURANCE COMPANY OF NORTH AMERICA

Docket No. 85249. Submitted February 12, 1986, at Grand Rapids. Decided May 19, 1986. Leave to appeal applied for.

Plaintiff, Raymond D. Sanford, Jr., was injured when a motorcycle on which he was a passenger smashed into a tree after the motorcycle left the road while being pursued by an officer in a police vehicle operated under the authority of the Ottawa County Sheriff's Department. Plaintiff thereafter brought an action in the Kent Circuit Court seeking benefits under the no-fault act. Named as defendants were the no-fault insurers of the police cruiser, Insurance Company of North America, Aetna Insurance Company and CIGNA Companies. The trial court, Roman J. Snow, J., granted defendants' motion for summary disposition of plaintiff's claim and entered an order of dismissal. Plaintiff appeals. *Held:*

1. A motorcyclist or his passenger injured in an accident that occurs while he is fleeing from a police cruiser is not entitled to recover no-fault benefits where there has been no causal nexus established that would link the injuries incurred in the accident to a motor vehicle.

2. Such an accident is not foreseeably identifiable with the normal use of a motor vehicle. The Legislature did not intend the phrase "normal use" of a vehicle to cover the unusual circumstances of an individual's fleeing from the police. The involvement of a police cruiser in these circumstances is merely fortuitous. The accident arose from the act of flight from the police rather than from the police use of a vehicle. The causal connection between the use of the police vehicle and plaintiff's injuries was an incidental one.

3. Plaintiff's injuries did not arise out of the ownership, use

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*, 353, 354.

Validity of exclusion in automobile insurance policy precluding recovery of no-fault benefits for injuries arising out of the ownership, maintenance, or use of an uninsured vehicle owned by an insured. 12 ALR4th 632.

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

or maintenance of the police vehicle, and plaintiff therefore does not fall within the no-fault act's coverage.

Affirmed.

1. INSURANCE — MOTORCYCLES — NO-FAULT INSURANCE — MOTOR VEHICLES.

Motorcycles are excluded from the definition of motor vehicles under the no-fault act; a person injured while riding a motorcycle is not entitled to no-fault benefits unless he or she was injured in an accident involving a motor vehicle (MCL 500.3101[2][c]; MSA 24.13101[2][c]).

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — INJURY — CAUSAL CONNECTION — OWNERSHIP, MAINTENANCE, USE.

There must be a causal connection which is more than incidental, fortuitous or but for between the injury sustained and the ownership, maintenance or use of an automobile to create a claim under the no-fault act for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, however, the automobile need not be the proximate cause of the injury and actual contact with the motor vehicle is not required; the injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle (MCL 500.3105[1]; MSA 24.13105[1]).

3. INSURANCE — MOTORCYCLES — NO-FAULT INSURANCE — FLIGHT FROM POLICE PURSUIT.

A motorcyclist or his passenger who is injured in an accident that occurs while the motorcyclist is fleeing from a police cruiser is not entitled to recover no-fault benefits where there has been no causal nexus established that would link the injuries incurred in the accident to a motor vehicle; such an accident is not foreseeably identifiable with the normal use of a motor vehicle and does not result from the police use of a vehicle but, rather, from the motorcyclist's act of fleeing from the police; the Legislature did not intend the phrase "normal use" of a vehicle contained in the no-fault act to cover the unusual circumstances of an individual's fleeing from the police (MCL 500.3105[1]; MSA 24.13105[1]).

*William G. Reamon, P.C.* (by *Janet T. Neff* and *Sharon M. Hanlon*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for defendants.

Before: D. E. HOLBROOK, JR., P.J., and SHEPHERD and D. A. ROBERSON,* JJ.

SHEPHERD, J. Plaintiff appeals as of right from an order entered July 1, 1985, granting defendants' motion for summary disposition of plaintiff's claim for benefits under the no-fault act. The issue before us is whether a passenger on a motorcycle injured in an accident which occurred while the operator was fleeing from police may recover benefits under the no-fault act. The trial court held that he could not and we agree.

Melvin Dertien purchased a used motorcycle on March 3, 1984, and took plaintiff for a ride the following day. Dertien did not yet have the title or insurance for the motorcycle. Shortly thereafter, an officer in a marked police cruiser began pursuing the motorcycle because it was exceeding the speed limit. When the officer activated the overhead lights to signal the motorcycle to stop, Dertien accelerated and attempted to flee. While fleeing from the police vehicle, Dertien smashed into a tree after the motorcycle left the road. The police vehicle was about 100 to 150 yards behind at the time of the accident.

As a result of the accident, plaintiff sustained serious injuries. He subsequently filed a claim against defendants for benefits under the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* Defendants are the no-fault insurers of the police cruiser operated by the officer under the authority of the Ottawa County Sheriff's Department. Defendants refused to make voluntary payment under their policies.

Motorcycles are excluded from the definition of motor vehicles under the no-fault act. MCL

* Recorder's court judge, sitting on the Court of Appeals by assignment.

500.3101(2)(c); MSA 24.13101(2)(c). Therefore, a person injured while riding a motorcycle is not entitled to no-fault benefits unless he or she was injured in an accident involving a motor vehicle. *Underhill v Safeco Ins Co,* 407 Mich 175, 186; 284 NW2d 463 (1979). MCL 500.3105(1); MSA 24.13105(1) provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.

The generally followed test for whether an accident involves a motor vehicle was stated in *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1, 17; 235 NW2d 42, lv den 395 Mich 787 (1975). In *Kangas,* the Court stated that, "while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for. The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." While actual contact with the motor vehicle is not required, the injury should be "foreseeably identifiable" with the normal use of a motor vehicle. See *Bradley v DAIIE,* 130 Mich App 34, 42-43; 343 NW2d 506 (1983).

In *Peck v Auto-Owners Ins Co,* 112 Mich App 329; 315 NW2d 586 (1982), this Court addressed facts and issues similar to those in the present case. In *Peck,* the plaintiff was injured when he smashed into a brick wall while fleeing on his motorcycle from the police. The defendant was the no-fault insurer of the plaintiff's automobile, and

the plaintiff initiated suit to recover medical ex-
penses and wage losses sustained as a result of the
accident. The trial court granted the defendant's
motion for summary judgment. On appeal, this
Court addressed the issue of whether a motorcy-
clist fleeing from the police has sufficient "involve-
ment" to allow recovery under the no-fault act.
The Court, applying the test in *Kangas, supra,*
stated that it did not believe that the accident was
"foreseeably identifiable" with the normal use of a
motor vehicle, and that the Legislature did not
intend to phrase "normal use" of a vehicle to cover
the unusual circumstances of an individual fleeing
from the police. *Peck,* p 334. The *Peck* Court held
that the accident did not result from the police use
of a vehicle but from the plaintiff's act of fleeing
from the police. It reasoned that the accident
would have been equally likely had the police been
pursuing the plaintiff on a motorcycle, in a heli-
copter, or on horseback, and the involvement of
the cruiser was merely fortuitous. Accordingly, the
Court held that a motorcyclist injured in an acci-
dent that occurs while he is fleeing from a police
cruiser is not entitled to recover no-fault benefits
where there has been no causal nexus established
that would link the injuries incurred in the acci-
dent to a motor vehicle. *Id.*

We find the reasoning of the Court in *Peck*
persuasive, and believe that it should be followed
in the present case. We agree with the Court's
reasoning that the involvement of a police cruiser
in these circumstances is merely fortuitous and
that the accident here, as in *Peck,* arose from the
act of flight from the police rather than the police
use of a vehicle. As in *Peck,* the accident in the
present case would have been equally likely to
occur had the police been pursuing plaintiff on a
motorcycle, in a helicopter, or on horseback. Al-

though the presence of the police cruiser prompted Dertien's flight, which resulted in the accident, and in that sense there is a causal connection between the use of the police vehicle and plaintiff's injuries, we believe that the connection was an incidental one. Plaintiff's injuries did not arise out of the operation or use of a motor vehicle under MCL 500.3105(1). The cases relied upon by plaintiff involved some more direct connection and closer proximity between the motorcycle and the motor vehicle even if not involving actual contact. See *Bromley v Citizens Ins Co of America,* 113 Mich App 131; 317 NW2d 318 (1982) (motorcycle forced off road by on-coming motor vehicle which crossed center line), *Bradley, supra,* (motor vehicle's presence in adjacent lane prevented a lane change by a motorcycle causing motorcycle to run into stalled car).

Plaintiff argues, based on the deposition testimony of Erik Beckman, a professor at the Michigan State University School of Criminal Justice, that motorist flight from police officers occurs on a regular basis and is foreseeable. Beckman stated that the chase which occurred in the instant case was not unusual and is experienced by every police department in the nation from time to time. Beckman further stated that the most commonly used police vehicle engaging in a pursuit is an automobile.

However, even if Beckman's testimony is accepted as true, our analysis is not affected. The involvement of a police cruiser is still fortuitous and incidental. The chase and accident would have occurred even if the police had been chasing plaintiff on a motorcycle. Beckman admitted that the particular type of vehicle involved in a chase is not significant and that the key to a person's fleeing has more to do with the person's knowledge

that he is being pursued by a police officer. Beckman further admitted that only a small minority of traffic stops result in flight and pursuit, further buttressing the conclusion of the Court in *Peck* that such accidents are not foreseeably identifiable with the normal use of a motor vehicle.

Plaintiff attempts to distinguish *Peck* on the ground that he was an "innocent" third party and was not involved in Dertien's unlawful acts. The Court in *Peck* did not address the issue of whether a passenger on a motorcycle fleeing from police is entitled to recover no-fault benefits. However, the Court's analysis is equally applicable to passengers on a motorcycle. Again, the key consideration is that the involvement of the motor vehicle (i.e., the police cruiser) is fortuitous and that the accident did not arise because of the involvement of a motor vehicle, but, rather, from the flight from police. In short, the fact that a plaintiff was a passenger on the motorcycle, rather than the driver, and the fact that he might have been "innocent" are irrelevant. Under the no-fault act, the issue is not guilt or innocence but, rather, whether one fits within the protected class.

We hold that plaintiff's injuries did not arise out of the ownership, use or maintenance of the police vehicle, and plaintiff therefore does not fall within the act's coverage.

Affirmed.