AUTO-OWNERS INSURANCE COMPANY v TITAN INDEMNITY
CORPORATION

Docket No. 134446. Submitted July 15, 1992, at Detroit. Decided
August 4, 1992, at 9:10 A.M.

Auto-Owners Insurance Company brought an action in the
Wayne Circuit Court against Titan Indemnity Corporation,
seeking reimbursement for half its attorney fees and half the
amount of a settlement it paid in an underlying action it
defended. That action was brought by the personal representa-
tive of the estate of Michael J. Jones, deceased, and various
members of his family against the City of Taylor and others,
following Michael's death following the crash of his motorcycle
into a Wayne County Sheriff's squad car while fleeing from
Taylor police after an attempted stop for a traffic infraction.
Auto-Owners was the city's no-fault insurer, and Titan, its
comprehensive liability insurer. Titan had refused to defend
the city on the ground that its policies excluded liability for
automobile-related injuries. The circuit court, James R. Chylin-
ski, J., granted summary disposition for Auto-Owners, finding
that the auto-accident exclusion should not control. The court
reasoned that because police officers conduct so much of their
business from automobiles, an auto-accident exclusion could be
used to avoid liability for almost everything. The court, follow-
ing the dual-causation theory adopted in *Vanguard Ins Co v
Clarke,* 181 Mich App 36 (1989), found that the accident had
been caused both by the chasing automobile and the allegedly
improper policy of the City of Taylor regarding high-speed
chases, and required the two insurers to share equally the costs
and liability. Titan appealed.

The Court of Appeals *held:*

*Vanguard Ins Co v Clarke,* 438 Mich 463 (1991), which holds
that there is no compelling policy rationale and no sound
jurisprudential reason to adopt the theory of dual or concur-
rent causation in the context of insurance liability to permit
departure from the literal interpretation of unambiguous insur-
ance contracts controls the resolution of this case. The exclu-
sion of auto-related injuries is clear and unambiguous and
precludes liability on the part of Titan. The fact that police
officers conduct a large part of their business from automobiles

is not a compelling policy reason to avoid the exclusion, and, because the death resulted from the operation of a motor vehicle, the City of Taylor did not have a reasonable expectation of coverage from Titan. There were not two causes of the accident.

Reversed.

*William A. Joselyn, Sr.,* for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Noreen L. Slank* and *Dale McLellan*), for the defendant.

Before: FITZGERALD, P.J., and HOOD and J. C. KINGSLEY,* JJ.

PER CURIAM. This is a dispute between two insurance companies concerning liability for damages resulting from a high-speed police chase. In response to the parties' cross-motions, the trial court granted summary disposition to plaintiff. We reverse.

Michael J. Jones was killed when his motorcycle crashed into a Wayne County Sheriff's squad car. Mr. Jones was fleeing from Taylor police who had tried to stop him for a traffic infraction. The sheriff's car had been parked across the road to stop Mr. Jones. The accident occurred at about 2:30 A.M.

Mr. Jones' estate and family sued the City of Taylor, the Wayne County Sheriff's Department and the individual law enforcement officers involved. The City of Taylor had no-fault insurance through Auto-Owners Insurance Company. It also had two comprehensive liability policies through Titan Indemnity Corporation. Both Titan policies contained language excluding from coverage "[p]ersonal injury . . . arising out of the ownership maintenance, operation, use, loading or unloading

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of any automobile" owned, rented, or operated by the city or its employees.

Titan refused to defend the city in the lawsuit. Auto-Owners defended the suit and eventually settled for $65,000. It then brought a declaratory judgment action against Titan, seeking to be reimbursed for half of its attorney fees and half of the settlement amount. Auto-Owners alleged that, during discovery in the underlying action, there was some expert criticism of the city's policy regarding high-speed police chases and some indication that that policy may have contributed to the accident.

Noting a split between panels of this Court, the trial court relied on *Vanguard Ins Co v Clarke,* 181 Mich App 36; 448 NW2d 754 (1989), to hold that the auto-accident exclusion should not control. The court opined that because police officers conduct so much of their business from their automobiles, an automobile exclusion could be used to avoid liability "for almost anything." The court then followed the dual-causation theory adopted in *Vanguard* and found that the accident had been caused both by the chasing automobile and by the allegedly improper policy regarding high-speed chases. The court required the two insurance companies to share costs and liability equally.

In *Vanguard Ins Co v Clarke,* 438 Mich 463; 475 NW2d 48 (1991), the Supreme Court reversed this Court's decision and resolved the conflict noted by the trial court. The Court held that "[w]hatever the merits of dual causality in the tort law context, . . . we do not discern a compelling legal or policy basis as to why that doctrine should nullify an unambiguous insurance policy exclusion for auto-related injuries in a homeowner's policy." *Id.* at 466. The Supreme Court's decision in *Vanguard* controls the resolution of this present appeal.

Where the language in an insurance policy ex-

clusion is ambiguous, it must be construed against the insurer and in favor of the policyholder. *Id.* at 471-472. Additionally, policy exclusions should be examined to determine whether the insured was nevertheless lead to a reasonable expectation of coverage. *Id.* at 472. However, in this case, as in *Vanguard,* the exclusion of auto-related injuries is admittedly clear and unambiguous. See *id.* at 472-473.

In *Vanguard,* the injury was the result of carbon monoxide accumulating in the home and in the attached garage when the insured closed the garage door but left his car running inside. *Id.* at 467. The Supreme Court found that the injury was the result of the use and operation of the automobile because it was the automobile, not the garage door, that emitted the deadly fumes. *Id.* at 473. The Court therefore held that the automobile exclusion precluded liability on the part of the homeowner's insurance company. *Id.* at 474-475.

The Court noted that the injury in that case would not fall through the cracks of both insurance policies because of mutual exclusions. *Id.* at 474. The Court likewise declined to find that allowing double recovery was a sound reason to avoid the exclusion. *Id.* at 474. It further noted that exclusions play a part in the insurer's computation of the price of a policy and concluded that "no sound jurisprudential or policy reason exists to introduce a legal theory or doctrine that departs from the literal interpretation of an unambiguous insurance contract." *Id.* at 475.

After relying on *Vanguard* in the circuit court, Auto-Owners now seeks to avoid *Vanguard* by arguing that the facts of this case do present compelling policy reasons to adopt the dual-causation theory. Auto-Owners also argues that because the insured initially asked both insurers to defend

the lawsuit, it must have had a reasonable expectation of coverage. It further argues that it seeks neither to nullify the exclusion nor to allow double recovery, but instead merely seeks an apportionment of liability. Lastly, it also contends that there were in fact two causes of the injury claimed here. We find these arguments unpersuasive in light of *Vanguard.*

First, the fact that police officers conduct a large part of their business from their automobiles is not a compelling policy reason to avoid the exclusion. Instead, that fact probably plays a large role in the cost of no-fault insurance charged to the City of Taylor by plaintiff Auto-Owners.

Second, the fact that the city may have initially asked Titan to defend the suit does not necessarily mean that it expected coverage from Titan, let alone that it had a *reasonable* expectation of coverage given the unambiguous language of the exclusion. Instead, the city was probably making sure that all possible sources of coverage were contacted.

Third, we disagree with the contention that there were in fact two causes of the accident. The allegedly improper policy concerning high-speed chases, like the garage door in *Vanguard,* "was not itself independently capable of producing the injury for which relief is sought." *Id.* at 473, n 9. Actually, the garage door in *Vanguard* was even more of a proximate cause than the police policy in this case. As in *Vanguard,* the operation of the motor vehicle was "the death-producing instrumentality" in this case. *Id.* at 473.

Lastly, the fact that plaintiff only seeks to share rather than shift liability does not change the fact that, because the accident had only one cause,

plaintiff is obviously seeking to avoid the exclusion. Titan's policy is clear; it leaves no room for the interpretation advocated by plaintiff.

Reversed.