TURNER v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 130295. Submitted October 20, 1992, at Detroit. Decided March 15, 1993, at 9:30 A.M. Leave to appeal sought.

Robert J. Turner, Jr., and others brought an action in the Oakland Circuit Court against Auto Club Insurance Association, Royal Insurance of America, League General Insurance Company, and the City of Ferndale, seeking the payment of property protection benefits arising out of an accident involving numerous vehicles. The accident occurred when a vehicle insured by Royal was stolen and, while fleeing from the Ferndale police, collided with several vehicles that in turn caused property damage. Following the settlement of the individual plaintiffs' claims, the action proceeded as a dispute among the no-fault insurers and the city regarding their respective liabilities. The court, Barry L. Howard, J., granted ACIA's motion for summary disposition with regard to Royal's obligation to pay a share of the benefits, and denied summary disposition with regard to the city's obligation to pay a share of the benefits. Royal appealed, and ACIA cross appealed.

The Court of Appeals *held:*

1. Royal, as the insurer of the stolen vehicle, is responsible for its share of the damage that resulted from the accident. The fact that the vehicle was stolen and was being operated by a thief when the accident occurred has no effect on Royal's responsibility to provide property protection coverage.

2. The accident did not result from use of a vehicle by the police, but from the thief's act of fleeing from the police. The accident was not foreseeably identifiable with the normal use of a motor vehicle by the police. The involvement of the police vehicle was merely fortuitous, and any connection between the use of the police vehicle and the property damage was incidental. The trial court properly determined that the city was not required to pay property protection benefits.

Affirmed.

REFERENCES

Am Jur 2d, Insurance §§ 578-583.

Automobile liability insurance policy flight from police exclusion: validity and effect. 49 ALR4th 325.

1. INSURANCE — PROPERTY PROTECTION BENEFITS — STOLEN VEHICLES.

   An insurer of a vehicle that is stolen and thereafter causes property damage is the party responsible for the payment of property protection benefits for the damage (MCL 500.3121[1], 500.3125; MSA 24.13121[1], 24.13125).

2. INSURANCE — NO-FAULT — FLIGHT FROM POLICE PURSUIT — PROPERTY DAMAGE.

   An accident that occurs when a person driving a stolen vehicle flees from the police and collides with other vehicles that thereafter cause property damage does not result from the use of a vehicle by the police, but from the thief's act of fleeing from the police; the accident is not foreseeably identifiable with the normal use of a motor vehicle by the police, and the police vehicle is not involved in the accident for the purposes of liability for property protection benefits; the involvement of the police vehicle is merely fortuitous, and any connection between the use of the police vehicle and the property damage is incidental (MCL 500.3121[1], 500.3125; MSA 24.13121[1], 24.13125).

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *James H. Schoolmaster*) (*John A. Lydick,* of Counsel), for Auto Club Insurance Association.

*Ralph H. Adams,* for Royal Insurance of America.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the City of Ferndale.

Before: REILLY, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

CAVANAGH, J. This is a dispute among no-fault insurers and the City of Ferndale regarding their respective liabilities for the payment of property protection benefits arising out of a multivehicle accident that resulted in property damage at the accident site. The trial court granted Auto Club Insurance Association's motion for summary dispo-

sition with regard to the issue concerning Royal Insurance of America's obligation to pay a share of the benefits, and Royal appeals from that decision as of right. The trial court denied summary disposition with regard to the issue concerning the City of Ferndale's obligation to pay a share of the benefits, and Auto Club cross appeals from that decision as of right. We affirm both of the decisions made by the trial court.

Royal claims that it should not be required to pay property protection benefits because the vehicle insured by Royal was stolen and was being operated by a thief when the collision occurred. We disagree.

Under the no-fault act, "an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3121(1); MSA 24.13121(1). Injured parties can claim benefits from the "insurers of owners or registrants of vehicles involved in the accident; and insurers of operators of vehicles involved in the accident." MCL 500.3125; MSA 24.13125. An insurer of a vehicle that is stolen is "the party directly responsible for payment of property damage." *Citizens Ins Co of America v Lowery,* 159 Mich App 611, 615; 407 NW2d 55 (1987).

In this case, Royal, as the insurer of the stolen vehicle, is responsible for its share of the damage that resulted from the accident. The fact that the vehicle insured by Royal was being operated by a thief when the accident occurred has no effect on Royal's responsibility for providing property protection coverage.

We also reject Auto Club's claim that the City of Ferndale should be required to pay property pro-

tection benefits because a Ferndale police car was "involved" in the accident. The accident did not result from the police use of a vehicle, but from the thief's act of fleeing from the police. Consequently, we cannot conclude that the accident was "foreseeably identifiable" with the normal use of a motor vehicle. The involvement of a police cruiser in these circumstances is merely fortuitous, and any connection between the use of the police vehicle and the property damage was incidental. See *Sanford v Ins Co of North America,* 151 Mich App 747; 391 NW2d 473 (1986), and *Peck v Auto-Owners Ins Co,* 112 Mich App 329; 315 NW2d 586 (1982).

We are aware that another panel of this Court, in *Auto-Owners Ins Co v Titan Indemnity Corp,* 195 Mich App 428; 491 NW2d 247 (1992), was asked to decide if the comprehensive insurance provided by defendant Titan to the City of Taylor covered the death of a motorcyclist that occurred when the motorcyclist struck a county sheriff's car while fleeing from the Taylor police. The comprehensive insurance policy excluded from coverage "[p]ersonal injury . . . arising out of the ownership, maintenance, operation, use, loading or unloading of any automobile" owned, rented, or operated by the city or its employees.

The plaintiff in *Titan* argued that the accident was caused not only by the chasing police vehicle, but also by the Taylor Police Department's high-speed chase policy. This Court rejected plaintiff's dual-causation theory, holding that the policy concerning high-speed chases "was not itself independently capable of producing the injury for which relief is sought." *Id.* at 432, quoting from *Vanguard Ins Co v Clarke,* 438 Mich 463, 473, n 9; 475 NW2d 48 (1991). The Court then concluded that the accident had only one cause and the operation

of the motor vehicle was "the death-producing instrumentality." *Id.*

Because we are convinced that it was only necessary for the *Titan* panel to eliminate the city's chase policy as a cause of the accident, we believe that any language suggesting that the police car involved in the crash was the cause of the accident was dicta. Therefore, we are not bound by the *Titan* Court's apparent conclusion that the motorcyclist's death was caused by the chasing Taylor police vehicle.

Affirmed.